# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

April 13, 2015

**By the Court:**

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br>    Plaintiff-Appellee,<br><br>No. 15-1761                                v.<br><br>ITT EDUCATIONAL SERVICES, INC.,<br>    Defendant-Appellant. | ] Appeal from the United<br>] States District Court<br>] for the Southern District<br>] of Indiana, Indianapolis<br>] Division.<br>]<br>] No. 1:14-cv-00292-SEB-TAB<br>]<br>] Sarah Evans Barker, Judge. |

O R D E R

      A preliminary review of the short record indicates that the order appealed from may not be an appealable order.

      As a general rule, appellate courts do not review routine denials of motions to dismiss – not by using pendent appellate jurisdiction, not by using the collateral order doctrine, and certainly not by issuing a writ of mandamus. *Abelesz v. Erste Group Bank AG*, 695 F.3d 655, 661 (7th Cir. 2012).

      It appears that the present case is nothing more than a party seeking review of the denial of a routine motion to dismiss. More specifically, it does not appear (contrary to the claim in appellant's notice of appeal) that the denial of appellant's motion to dismiss is appealable under the collateral order doctrine. To put it another way, there does not appear to be any case that extends the collateral order doctrine to the denial of

- over -

No. 15-1761                                                                                                          Page 2

claims raised in appellant's motion to dismiss.  Accordingly,

     **IT IS ORDERED** that appellant shall file, on or before April 27, 2015, a brief memorandum stating why this appeal should not be dismissed for lack of jurisdiction.  A motion for voluntary dismissal pursuant to Fed. R. App. P. 42(b) will satisfy this requirement.  Briefing shall be **SUSPENDED** pending further court order.


NOTE:   Caption document "JURISDICTIONAL MEMORANDUM."  The filing of a Circuit Rule 3(c) Docketing Statement does not satisfy your obligation under this order.